IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>LUIS PEREZ-RUIZ,<br><br>    Defendant. | Case No. 8:07CR318<br><br>ORDER |

  This case is before the court on the defendant Luis Perez-Ruiz's Motion for Leave to File Motion Out of Time (#50). The motion is denied.

  The defendant bases his motion, in part, on the fact that current counsel did not enter an appearance until November 10, 2007, well past the court's October 25, 2007 deadline for the filing of pretrial motions as set out in the Order for Progression of a Criminal Case (#6). While it is unclear from the pleadings why the entrance of new counsel would entitle the defendant to a new pretrial motion deadline, I will review the Motion for Leave to File Motion Out of Time on its merits.

  In his motion the defendant alleges that he has reason to believe the container which contained the controlled substance (methamphetamine), does not "contain the defendant's fingerprints or any other similar evidence that would link the defendant to the container." (Brief #51, ¶ 7). The defendant alleges this evidence is exculpatory and must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83. The problem with the defendant's argument is that it assumes, without any factual basis, that the government fingerprinted the container.

The defendant also requests the names of any and all witnesses providing statements to law enforcement. (Brief #51, ¶¶ 3 and 4). In part, counsel for the defendant alleges that upon commencing representation of the defendant, the officer of the Federal Public Defender was contacted and a request was lodged to produce all necessary documents, including discovery. While no details are provided as to the timing or the details of the request, I find that if they have not already done so, the office of the Federal Public Defender shall disclose to the current counsel of the defendant within **five (5) days**, any discovery in this case previously given them by the United States Attorney's Office.

Lastly, the defendant requests the "names of any and all witnesses providing statements to law enforcement." (Brief #51, ¶8). This request for production goes far beyond what is contemplated by Rule 16 of the Federal Rules of Criminal Procedure. The defendant cites only general authority in support of his wide-ranging request for production. I note that there is no general right of discovery outside of Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500 which, by its terms, only applies to witnesses who actually testify at trial. Because the motion is wide-ranging and unsupported by either case law or by the Federal Rules of Evidence or Procedure, it appears to be nothing more than a "fishing expedition." *United States v. Wilson*, 571 F.Supp. 1422, 1424 (S.D. N.Y. 1983). Therefore,

**IT IS ORDERED:**

1. Defendant's Motion for Leave to File Motion Out of Time (#50) is denied without hearing.

2.  The Clerk is directed to send a copy of this order to the Federal Public Defender for the District of Nebraska, and if they have not already done so, they shall deliver to current counsel for the defendant, any materials they received in this case from the United States Attorney's Office.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law****.* The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

Dated this 20th day of February 2008.

BY THE COURT:

s/ F. A. Gossett
United States Magistrate Judge